**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DARRELL DENNIS                                                                                    PLAINTIFF
ADC #85865

v.                                              4:20-cv-01017-JM-JJV

SOLOMON GRAVES; *et al.*                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Darrell Dennis is a prisoner in the Maximum Security Unit ("MSU") of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 2.) For the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

In 2015, a Pulaski County jury found Plaintiff guilty of capital murder, two counts of aggravated robbery, and two counts of kidnapping. *Dennis v. State*, 503 S.W.3d 761, 763 (Ark. 2016). As punishment, he was sentenced to life in prison without parole. *Id.* His convictions and sentence were affirmed on direct appeal, he was denied post-conviction relief, and that ruling was affirmed on appeal. *Id.*; *Dennis v. State,* 592 S.W.3d 646 (Ark. 2020).

In this § 1983 action, Plaintiff claims Defendants are violating his constitutional right to access the courts by failing to provide him with sufficient legal materials and supplies so that he can file a *pro se* habeas action challenging his convictions and sentence. (Doc. No. 2.) In particular, Plaintiff says the MSU library is closed due to the COVID-19 pandemic. As a result, Plaintiff does not have access to Westlaw, and he can only conduct legal research by using a law library tablet three hours a week. According to Plaintiff, the tablet "does not work most of the time." (*Id*. at 3.) And, he alleges Defendants are not providing him with pens or paper. Due to these alleged problems, Plaintiff believes he will not be able to file his habeas petition in federal court before the statute of limitations expires in four months. Accordingly, he asks for a

preliminary and permanent injunction requiring Defendants to provide him with pens, paper, a law library tablet "throughout his federal [habeas] proceedings," and access to the Westlaw for three hours a day, seven days a week. (*Id*. at 10,11.) Additionally, he seeks a declaratory judgment and monetary damages.

Prisoners have a constitutional right of access to the court under the First Amendment and the due process clause of the Fourteenth Amendment. *Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015). To state a viable access to the court claim, a prisoner must plead facts suggesting (1) "the state has not provided an opportunity to litigate a claim," which (2) "resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *Williams v. Hobbs*, 658 F.3d 842, 851–52 (8th Cir. 2011). Importantly, the injury may not be speculative or anticipatory. Instead, the prisoner must have actually suffered the injury.

For instance, in *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008), a prisoner claimed he could not file a habeas petition due to inadequacies in the prison library. The prisoner did not claim "he was actually prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy." *Id.* Instead, he "only roughly and generally asserted he was prevented from filing because he did not know what arguments to make," which the Court found was "insufficient" and too "speculative" to satisfy the actual injury requirement. *Id.*

Generally, a federal habeas petition must be based on constitutional arguments that were raised and rejected on the merits in state court. 28 U.S.C. § 2254. And, I note Plaintiff was provided with sufficient paper and pens to write the Complaint filed in this § 1983 action. Thus, Plaintiff could stop the statute of limitations from expiring by filing his federal habeas petition, without conducting further research, based on the constitutional arguments he raised in state court.

As in *Hartsfield*, Plaintiff's mere fear that might not make the right legal arguments without conducting further legal research is simply too speculative to satisfy the actual injury requirement.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."